THE CLINTONIA.

NEALL et al. v. GENERAL MARINE INS. CO. OF DRESDEN.

(District Court, S. D. New York.   December 3, 1900.)

MARINE INSURANCE—PROCEEDS OF WRECK—ERRONEOUS DISTRIBUTION.

> After a ship had partially loaded, both vessel and the cargo loaded were badly damaged by a fire at the wharf, and were sold in salvage proceedings.  The charterer had made advances of inland freight on the cargo, for which it had a lien thereon.  In distributing the proceeds in the salvage suit, a cargo owner received an overpayment, which should have been applied on such freights.  *Held* that, as between the charterer and an insurer of its freight advances, the former must bear the loss, if any, resulting from such erroneous payment, although neither were parties to the salvage proceedings;  such loss being one not covered by the policy, and there having been no abandonment to the insurer which charged it with the duty of looking after its distribution of the fund recovered.

In Admiralty.

Convers & Kirlin, for libelant United States Shipping Co. of Dresden.

Robinson, Biddle & Ward, for libelants Neall and others.

Butler, Notman, Joline & Mynderse, for the Clintonia.

BROWN, District Judge.   From the further evidence it appears that neither the Shipping Company nor the Insurance Company were parties to the salvage suit in which the overpayment of $729 to the Buffalo Company was made.   104 Fed. 92, 98.   The Shipping Company, however, was the party more immediately and directly concerned in holding the proceeds of the iron, because it had a lien thereon;  and that company must have had full knowledge of the salvage suit and of its own means of securing its partial payment out of the proceeds, even before Mr. Hughes called special attention to that subject.   The loss, however, was only a "partial loss" under the policy, and there had been no abandonment, such as to require the insurer to look out for any partial recovery.   That duty therefore, remained on the Shipping Company, and any loss by inaction or improper action was at its risk.   In truth the loss by the overpayment to the Buffalo Company was not proximately a loss by a sea peril, but by a new and subsequent cause in no way naturally or necessarily arising out of the sea peril.   The $729 was actually recovered in money;  but by error and mistake in the salvage suit it was paid over prematurely to the wrong party.   As the duty to "sue and labor" had not been legally thrown upon the insurer by abandonment, and the insurer did not insure against such subsequent errors or loss in litigation, I think the Shipping Company must bear it.